UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID COPELAND,

    Plaintiff,

vs.

Case No. 18-CV-13736
HON. GEORGE CARAM STEEH

LEE HICKS, AMERICAN
RED CROSS, et al.,

    Defendants.
_____/

**ORDER GRANTING DEFENDANT STATE FARM'S MOTION
FOR SUMMARY JUDGMENT (ECF No. 26) and DEFENDANT
NATIONWIDE'S MOTION FOR SUMMARY JUDGMENT (ECF No. 32)**

    Plaintiff, David Copeland, claims to have suffered serious injury when he was crossing the street on foot and was allegedly hit by a vehicle driven by Defendant Lee Hicks. Hicks was driving a car owned by his employer, Defendant American Red Cross ("Red Cross"). In addition to suing the driver and the Red Cross, Plaintiff has sued three insurance companies for Michigan personal protection insurance ("PPI") benefits. Two of those insurance companies, State Farm Mutual Automobile Insurance Company ("State Farm"), and Nationwide Mutual Fire Insurance Company ("Nationwide"), seek summary judgment on the grounds that Defendant Old Republic Insurance Company or Old Republic General Insurance

- 1 -

Corporation ("Old Republic") stands in higher priority than them. Old Republic, Red Cross, and Hicks do not object to the dismissal of State Farm or Nationwide, but allege that the accident alleged never took place, thus any order declaring Old Republic to be the highest priority insurer or suggesting they have any liability would be improper. For the reasons set forth below, State Farm's and Nationwide's motions for summary judgment shall be GRANTED and they shall be DISMISSED from this lawsuit.

## I. Factual Background

On January 19, 2018, Copeland was a pedestrian in the City of Detroit crossing the North Lodge Service Drive near the intersection of Martin Luther King Jr. Boulevard. Copeland alleges that Hicks was driving a 2008 Chevrolet, owned by his employer, the American Red Cross, and struck him while he was crossing the street. Copeland brought state law tort claims against Hicks and the Red Cross, and claims for PPI benefits against three insurers in Wayne County Circuit Court. Defendants removed on the basis of Red Cross's federal charter which confers original jurisdiction over all cases in which Red Cross is a party pursuant to 36 U.S.C. § 300105. Plaintiff filed a First Amended Complaint on January 15, 2019. Counts I through III allege negligence claims against Hicks and the

Red Cross.  Count IV, V, and VI seeks PPI benefits against State Farm, Nationwide, and Old Republic.

In its answers to interrogatories, Old Republic admits that it insured the 2008 Chevrolet owned by the Red Cross and driven by Hicks on January 19, 2018. (ECF No. 26-2, PageID.437).  But Old Republic denies that the accident took place, relying on Hick's interrogatory responses that he did not collide with anyone, but an individual walked in front of his vehicle, claimed he hurt his arm, took pictures of Hick's license plate, and ran off.  (ECF No. 30-2, PageID.470).  Plaintiff on the other hand has submitted a State of Michigan Traffic Crash Report from January 19, 2018 which states that Plaintiff reported that he was struck by the Red Cross van while he was crossing over the Lodge service drive, that he was transported to Detroit Receiving Hospital by ambulance, and lists the accident as a hit and run.  (ECF No. 41, PageID 779-780).

Copeland submitted a claim to the Michigan Automobile Insurance Placement Facility ("MAIPF"), including an affidavit stating that he did not have automotive insurance, and his claim was assigned to Nationwide.

Now before the court are State Farm and Nationwide's motions for summary judgment on the ground that as the insurer of the vehicle allegedly involved in the accident, Old Republic, has higher priority than

either of them. Plaintiff stipulated to the dismissal of State Farm as long as Old Republic stipulated that it was the insurer of highest priority. (ECF No. 29, PageID.450). Old Republic would not so stipulate because it claims the incident never took place; thus, it faces no liability. Similarly, Plaintiff requests that this court deem Old Republic the highest priority insurer if the court grants Nationwide's motion for summary judgment. (ECF No. 41, PageID.767).

## II. Standard of Law

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is

appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Tolan v. Cotton*, 572 U.S. 650, 660 (2014); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations

or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (*citing Anderson*, 477 U.S. at 252).

### III. Analysis

**A.   State Farm**

A person whose injuries arise out of the ownership or operation of a motor vehicle are entitled to PPI benefits. MCL § 500.3105(1). Michigan's no-fault laws establish priority for determining which insurer is responsible for the payment of benefits where multiple insurers are involved. First, the injured person must seek no-fault benefits from his or her own no-fault insurer or the insurer of his or her spouse or resident relative pursuant to MCL § 500.3114(1). Here, no such no-fault benefits are available as Copeland does not have insurance coverage from a policy of his own, a spouse, or a resident relative. Thus, the court turns to MCL § 500.3115, as it existed at the time of the incident, to determine which insurer is the highest in the order of priority should Copeland later prove that the alleged accident took place. Section 500.3115 provides:

> (1) Except as provided in subsection (1) of section 3114, a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> (a) Insurers of owners or registrants of motor vehicles involved in the accident.
>
> (b) Insurers of operators of motor vehicles involved in the accident.

Section 500.3115 (2018). Here, it is undisputed that Old Republic was the insurer of the 2008 Chevrolet driven by Hicks that is alleged to have struck Copeland. Thus, Old Republic stands in a higher priority than either State Farm or Nationwide should liability be found. Accordingly, State Farm is entitled to summary judgment and Count IV shall be DISMISSED.

**B.     Nationwide**

Copeland seeks PPI benefits from Nationwide through his application to the Michigan Assigned Claims Plan. But an individual may only make a claim through the Michigan Assigned Claims Plan in one of four discrete circumstances. Specifically, MCL § 500.3172 states:

> (1) A person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state may claim personal protection insurance benefits through the assigned claims plan if any of the following apply:

> (a) No personal protection insurance is applicable to the injury.
>
> (b) No personal protection insurance applicable to the injury can be identified.
>
> (c) No personal protection insurance applicable to the injury can be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss.
>
> (d) The only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed.

None of these circumstances apply. Should Plaintiff prove that he was struck by Hicks, Old Republic is the insurer with the highest priority by virtue of its status as the insurer of the Red Cross vehicle allegedly involved in the accident. Based on the above cited statute, MAIPF's servicing insurers stand in last priority to pay no-fault benefits. Accordingly, Nationwide is entitled to summary judgment and Count V shall be DISMISSED.

### D. Conclusion

For the reasons set forth above, State Farm's motion for summary judgment (ECF No. 26) is GRANTED and Count IV of the First Amended Complaint is DISMISSED.

IT IS FURTHER ORDERED that Nationwide's motion for summary judgment (ECF NO. 32) is GRANTED and Count V of the First Amended Complaint is DISMISSED.

**IT IS SO ORDERED.**

Dated: October 3, 2019

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 3, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk